## MILHAU *vs.* SHARP.

Individuals owning lots fronting on a public street of a city may maintain an action to enjoin the construction in such street of a railway, which would be specially injurious to their property.

When a nuisance occasions, or is likely to occasion, a special injury to an individual, which cannot well be compensated in damages, equity will entertain jurisdiction of the case.

APPEAL from a judgment rendered at a special term. The complaint was filed by the plaintiffs, stating that they were owners of lots on Broadway in the city of New York, with buildings erected thereon, and doing business therein. That the defendants were about to construct a railway therein, without legal authority, and that such railway would be specially injurious to them. The judge before whom the case was tried, at special term, found as matters of fact: 1. That the plaintiffs are, severally, owners and occupants of buildings fronting upon said streets, and of the lots of land upon which said buildings are erected, as particularly set forth in the complaint, and have been such owners and occupants for several years last past. 2. That the establishment of a rail road in Broadway aforesaid will be specially injurious to the said property of the plaintiffs. Upon this finding a judgment was entered, perpetually enjoining and restraining the defendants from entering into or upon said street called Broadway, for the purpose of laying or establishing a rail road therein under

Milhau *v.* Sharp.

the grant referred to in the complaint. From which judgment the defendants appealed to this court.

*David Dudley Field,* for the appellants.

*G. C. Bronson* and *J. Van Buren,* for the respondents

*By the Court,* DAVIES, P. J. The only question necessary to consider on this appeal is, whether upon the facts found, the plaintiffs can maintain this action, and if so, are entitled to the relief which has been granted.

It appears to me that both of these points have been settled in the affirmative, by the Court of Appeals, in the case of *Davis & Palmer* v. *Mayor &c. of New York,* (4 *Kern.* 506,) a suit relating to this same grant. It is true that other questions were presented and argued in that case, and decided by the court, but it seems to us that the points presented in the case, were also presented and distinctly passed upon. DENIO, Ch. J., in delivering the opinion of the court in that case, says: "It is well settled that when such an offense (that is, a nuisance) occasions or is likely to occasion a special injury to one individual which cannot well be compensated in damages, equity will entertain jurisdiction of the case at his suit." And he cites numerous authorities to sustain that position. WRIGHT, J., who delivered the dissenting opinion of the court, manifestly concurred in this view of the law, for he says, "Private persons could not interfere, except the act authorized tended to the creation of a public or private nuisance specially injurious to them, and from which they apprehended a direct special damage."

In that case it was not proven that the plaintiffs were the owners of lots on Broadway, and the superior court found, as matter of fact, that the railway would not be a nuisance or specially injurious to the plaintiffs. It is seen that the facts found in this case are entirely different, and it appearing here that the plaintiffs are the owners of lots on Broadway, and

that the establishment of the proposed railway would be specially injurious to their property, we must affirm the judgment of the special term, on the authority of the Court of Appeals in *Davis & Palmer* v. *The Same Defendants.·*

Judgment affirmed with costs.

[NEW YORK GENERAL TERM, October 4, 1858.   *Davies, Sutherland* and *Injraham,* Justices.]